UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUNE JEFFRIES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:13-CV-1921 JAR |
| | ) |
| MISSOURI METALS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss (ECF No. 10) of Defendants PerkinElmer, Inc. and Missouri Metals, LLC ("Defendants"). The Court construes the Motion to Dismiss as a motion for a more definite statement and grants, in part, the motion for more definite statement.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Love v. Career Educ. Corp., 4:11CV1585 JAR, 2012 WL 10614, at *1 (E.D. Mo. Jan. 3, 2012), citing Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).

## BACKGROUND

In their Petition for Damages, Plaintiffs allege that they are residents of the Elmwood Park neighborhood. (ECF No. 8; hereinafter "Complaint" or "Compl.", ¶4). Defendants owned the property at 9970 Page Avenue in Overland, Missouri ("subject site"), which is north and northwest of the Elmwood Park neighborhood. (Id., ¶¶1, 4). Defendants' predecessors in interest spilled a number of chemicals on or near the subject site in 1988 or 1989. (Id., ¶5). Plaintiffs allege that "[a]s a result of Defendants' spills, ... chemicals leaked or migrated from the subject site onto nearby properties, contaminating the soil and groundwater, where they remain, thereby contaminating the properties of Plaintiffs and Class Members. This includes the residential properties in the Elmwood Park neighborhood." (Id., ¶7). Plaintiffs also allege, "upon information and belief," that a "plume of contaminants, originating from the subject site extends south and southeast from the subject site into the Elmwood Park neighborhood." (Id., ¶8). Further, "[a]s a result of Defendants' spills, ... contaminants in soil and groundwater volatized, becoming an airborne contaminant, and enter[ed] the residences in the Elmwood Park neighborhood." (Id., ¶9). Plaintiffs note that in 2001, testing of the air in three residences in the Elmwood Park neighborhood by the Missouri Department of Natural Resources ("MDNR") exceeded the "U.S. Environmental Protection Agency's ['EPA'] Regional Screening Levels for residential air for the respective chemicals." (Id., ¶10). Likewise, MDNR testing of the residential sump water revealed two residences which exceeded the EPA screening levels. (Id.). Plaintiffs allege that they learned of the leaks and spills in August 2012. (Id., ¶18).

On or around August 21, 2013, Plaintiffs filed this Complaint in the Circuit Court of St. Louis County, Missouri. (ECF No. 8). On September 27, 2013, Defendants removed this action

to this Court, asserting diversity jurisdiction. (ECF No. 1). Plaintiffs allege claims for Nuisance (Count I), Trespass (Count II), and Negligence (Count III).

## DISCUSSION

Defendants contend that their Motion to Dismiss should be granted because "Plaintiffs fail to allege the following: (1) that their own property has been contaminated; (2) that the alleged plume of contaminants even extends towards their property; (3) that any testing has been done or indicated the existence of chemicals above detection or government screening levels; (4) when the alleged leak(s) occurred and how many occurred; and (5) that their property rights have been interfered with." (Motion to Dismiss, ECF No. 10, p. 1).

I. Nuisance

Defendants assert that Plaintiffs' claims fail because they have not alleged that their property has been contaminated. Rather, Plaintiffs allege that "[t]he soil and groundwater of Plaintiffs' property **has been or may be contaminated** as a result of the unremediated spill by Defendants." (Compl., p. 6, ¶3)(emphasis added).

Plaintiffs assert that "the simple fact that contamination exists is enough for any Plaintiff or neighborhood residence to have their property interfered with, or nuisance." (Plaintiff's Response in Opposition to Defendants Motion to Dismiss and In the Alternative Request for Leave to Amend ("Response"), ECF No. 25, p. 4). Plaintiffs specifically allege that they "have suffered injury and damage to their properties, diminished property values, due at least in part to the stigma of contaminated property, and face extensive clean-up costs." (Compl., p. 4, ¶10).

"Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the rights of another to peacefully enjoy [her] property." Rosenfeld v. Thoele, 28 S.W.3d 446, 450 (Mo. Ct. App. 2000); Bush v. City of Cottleville, ED99688, 2013

WL 5732287, at *3 (Mo. Ct. App. Oct. 22, 2013). "Essential elements that are required for recovery on the basis of nuisance are injury, damage, and causation." Basham v. City of Cuba, 257 S.W.3d 650, 653 (Mo. Ct. App. 2008); Bush, 2013 WL 5732287, at *3. In Bush v. City of Cuba, Bush's petition alleged her neighbor's "use of his property [was] unreasonable in that it emit[ted] smoke, noise, light, and glare which encroach[ed] onto Bush's adjacent property so as to substantially impair its use." 2013 WL 5732287, at *3. Bush's petition "further allege[d] that her property ... suffered a loss in market value due to the [neighbor's] use of his property." The Missouri Court of Appeals held that Bush's "allegations [were] adequate to establish a recognized cause of action for private nuisance against [the neighbor] so as to withstand dismissal for failure to state a claim." Id.

While not artfully drafted, the Court finds that Plaintiffs' complaint sufficiently alleges a cause of action for nuisance. Plaintiffs allege (at least) that Defendants have emitted hazardous materials to the area around Plaintiffs' property. As a result, Plaintiffs assert that they have suffered loss in the enjoyment of their property as well as loss in property value. (Compl., p. 4, ¶10). The Court finds that, under Missouri state law, Plaintiffs have alleged injury, damage and causation sufficient to state a cause of action for nuisance. See Bush, 2013 WL 5732287, at *3 ("an adverse effect on the value of land is sufficient damage for purpose of withstanding a motion to dismiss for failure to state a claim").

ii.    Trespass

Defendants contend that Plaintiffs' "unsupported allegation" that, "upon information and belief," a "plume of contaminants" extended into Plaintiffs' "neighborhood" (Compl., p. 4, ¶¶7-8) is insufficient for a claim for trespass under Missouri law. (Defendants' Reply in Support of Their Motion to Dismiss ("Reply"), ECF No. 27, pp. 3-4). In response, Plaintiffs contend that

"Defendants committed trespass by allowing migration of TCE and other chemicals onto their property without their permission." (Response, p. 4).

"'Trespass is the unauthorized entry by a person upon the land of another, regardless of the degree of force used, even if no damage is done, or the injury is slight.'" Ogg v. Mediacom, L.L.C., 142 S.W.3d 801, 807 (Mo. Ct. App. 2004), quoting Crook v. Sheehan Enters., Inc., 740 S.W.2d 333, 335 (Mo. Ct. App. 1987). The Court finds that Plaintiffs have not yet alleged a trespass on their property. The Court will afford Plaintiffs an opportunity to re-plead this claim to allege (if they can) that Defendants released emissions that actually entered Plaintiffs' property.

III. Negligence

Defendants assert that "Plaintiffs' failure to allege any contamination of their properties demonstrates that any injury to them resultant from Defendants' alleged acts is wholly speculative and therefore insufficient as a matter of law." (Reply, p. 4).

Plaintiffs allege that "the Defendants owe Plaintiffs the duty to stop the leaks or migrations from the subject site onto the property owned by Plaintiffs; to inspect and search for leaks and contaminants; to keep and retain records of leaks, and to clean up contaminants, pollutants, and poisons which originated from the subject site; and to warn Plaintiffs of pollutants or hazardous leaks or contaminations which originated from the subject site and which persist and continue migrating, and this contamination is ongoing and present." (Compl., ¶12). Plaintiffs contend that they have alleged that "Defendants spilled a number of chemicals on or near the subject site, including but not limited to a spill in 1988 or 1989 and that as a result of these spills, PCE, TCE, and other chemicals leaked or migrated from the subject site onto nearby properties, contaminating the soil and groundwater, thereby contaminating the properties of

Plaintiffs." (Response, p. 5). "Plaintiffs further allege their property value has been dramatically reduced as a result of the contamination." (Response, pp. 5-6).

"To make an adequate claim for common law negligence, a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." Sill v. Burlington N. R.R., 87 S.W.3d 386, 391 (Mo. Ct. App. 2002), citing Lopez v. Three Rivers Electric Co-op., Inc., 26 S.W.3d 151, 155 (Mo. banc 2000). The Court finds that Plaintiffs have failed to allege the proximate cause and harm elements of their negligence claim. To date, Plaintiffs have only alleged that contamination has occurred in their neighborhood. The Court affords Plaintiffs an opportunity to re-plead and allege (if they can) that Defendants breached a duty to Plaintiffs and that Plaintiffs incurred actual harm resulting therefrom.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [10], which the Court construes as a motion for more definite statement is **GRANTED**, in part, and **DENIED**, in part. Plaintiffs are granted until **Monday, December 30, 2013** to file an amended complaint.

Dated this 11th day of December, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE