UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUNE JEFFRIES, et al., | ) |
| | ) |
| Plaintiffs, | ) No. 4:13-CV-1921 JAR |
| | ) |
| v. | ) |
| | ) |
| MISSOURI METALS, LLC, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Individual Plaintiff Elaine Gibson's Motion to Dismiss Without Prejudice (ECF No. 38), Individual Plaintiff Noble Griffin's Motion to Dismiss Without Prejudice (ECF No. 43), Individual Plaintiff Denise Watson's Motion to Dismiss Without Prejudice (ECF No. 48), Plaintiffs Noreen Jackson and Malinuh Jackson's Motion to Dismiss Without Prejudice (ECF No. 59), Plaintiff June Jeffries' Motion to Dismiss Without Prejudice (ECF No. 60), and Plaintiffs Alberta Clark, Larney Shannon, Harold and Juanita Miller's Motion to Dismiss Without Prejudice (ECF No. 62).[1]

## Background

---

[1] The Court notes that it previously granted Individual Plaintiff Elaine Gibson's Motion to Dismiss Without Prejudice (ECF No. 38), Individual Plaintiff Noble Griffin's Motion to Dismiss Without Prejudice (ECF No. 43), and Individual Plaintiff Denise Watson's Motion to Dismiss Without Prejudice (ECF No. 48). See ECF Nos. 40, 44, and 50. Because there has been no final judgment in this case, the Court hereby vacates those dismissal orders (ECF Nos. 40, 44, and 50) and enters this Order to add conditions to the dismissal of these plaintiffs.

The Court ordered Plaintiffs to file any reply in support of Plaintiffs Noreen Jackson and Malinuh Jackson's Motion to Dismiss Without Prejudice (ECF No. 59), Plaintiff June Jeffries' Motion to Dismiss Without Prejudice (ECF No. 60), and Plaintiffs Alberta Clark, Larney Shannon, Harold and Juanita Miller's Motion to Dismiss Without Prejudice (ECF No. 62) no later than Tuesday, May 6, 2014. To date, no reply has been filed.

On or around August 21, 2013, Plaintiffs filed a Petition in the Circuit Court of St. Louis County, Missouri. (ECF No. 8). On September 27, 2013, Defendants removed this action to this Court, asserting diversity jurisdiction. (ECF No. 1). On December 31, 2013, Plaintiffs filed a First Amended Petition for Damages, alleging claims for Nuisance (Count I), Trespass (Count II), and Negligence (Count III) due to alleged contamination of their property by Defendants. (ECF No. 30).

Over a series of weeks in March and April 2014, the ten individual plaintiffs have filed motions to dismiss their claims without prejudice: Individual Plaintiff Elaine Gibson's Motion to Dismiss Without Prejudice (ECF No. 38), Individual Plaintiff Noble Griffin's Motion to Dismiss Without Prejudice (ECF No. 43), Individual Plaintiff Denise Watson's Motion to Dismiss Without Prejudice (ECF No. 48), Plaintiffs Noreen Jackson and Malinuh Jackson's Motion to Dismiss Without Prejudice (ECF No. 59), Plaintiff June Jeffries' Motion to Dismiss Without Prejudice (ECF No. 60), and Plaintiffs Alberta Clark, Larney Shannon, Harold and Juanita Miller's Motion to Dismiss Without Prejudice (ECF No. 62). On March 10, 2014, the Court granted Individual Plaintiff Elaine Gibson's Motion to Dismiss Without Prejudice (ECF No. 40). On April 4, 2014, the Court granted Individual Plaintiff Noble Griffin's Motion to Dismiss Without Prejudice (ECF No. 44). On April 4, 2014, Individual Plaintiff Denise Watson's Motion to Dismiss Without Prejudice (ECF No. 43), which the Court granted on April 8, 2014 (50).

On April 7, 2014, Defendants filed a Motion to Compel Property Inspections, Depositions, Interrogatory Answers, Responses to Requests for Production and Document Productions from All Plaintiffs and For Other Relief (ECF No. 45). In their Motion, Defendants asserted that Plaintiffs provided incomplete discovery and failed to schedule dates for depositions or for property inspections. Defendants also noted that Plaintiffs' counsel had been

obstructionist and uncommunicative regarding these discovery deficiencies. On April 15, 2014, Plaintiffs filed their Motion for Leave to Amend their Petition, for Joinder, and Remand to the County of St. Louis (ECF No. 56), seeking to remand this action to the Circuit Court of St. Louis County, Missouri, based upon lack of federal diversity jurisdiction.[2] On April 18, 2014, the Court held a conference call with the parties regarding Defendants' Motion to Compel. (ECF Nos. 55, 58). At the inception of the conference, Plaintiffs' counsel indicated their desire to discuss their Motion to Remand, rather than the Motion to Compel. The Court took up only the Motion to Compel and ordered Plaintiffs to supplement the discovery responses of Plaintiffs Noreen Jackson, June Jeffries, Juanita Miller and Harold Miller; provide to Defendants the discovery responses of Malinuh Jackson and Alberta Clark; schedule Rule 34 property inspections in May 2014; and supplement Plaintiffs' disclosures of nonretained experts in accordance with Rule 26(a)(2). (ECF No. 58). Since that conference call and the Court's Order on the Motion to Compel, the remaining individual Plaintiffs have moved for dismissal without prejudice. (ECF No. 59, 60, 62).

Plaintiffs seek dismissal pursuant to Fed.R.Civ.P. 41(a)(2) because they believe that they need to secure new evidence; they wish to add new defendants; they believe "additional litigation may be necessary;" they think the "accelerate[d]" pace of the present litigation is prejudicial to Plaintiffs; they assert they "should not be forced to press their claim;" and they think Defendants would not be prejudiced by the dismissal. (ECF No. 66). Plaintiffs also note that, on April 8, 2014, Defendants stated that they had "no objection to voluntary dismissals of June Jeffries, Noreen Jackson, and Malinuh Jackson." (ECF No. 66-1).

---

[2] Plaintiffs also sought to add as an additional defendant Missouri resident Edward G. Broadfield, which may have impacted diversity between the parties. Defendants notified the Court that they opposed remand. (ECF No. 63). Defendants claimed that Mr. Broadfield was neither necessary nor indispensable to these proceedings.

Defendants, however, argue that a dismissal without prejudice would be prejudicial to them and a waste of judicial time and resources. Defendants assert that Plaintiffs are seeking to dismiss this federal action so that they can seek a more favorable forum in state court. Moreover, Defendants assert that Plaintiffs wish to dismiss this action to avoid complying with their outstanding discovery obligations just months before the close of discovery. (ECF No. 70). Defendants contend that this Court should not dismiss Plaintiffs because it is evident that they have demonstrated excessive delay and dilatory tactics in prosecuting this case. Defendants further maintain that they will be substantially prejudiced by a dismissal due to the resources they have expended in defending this action and the extreme likelihood that they will be forced to defend another action in state court. Defendants admit that they agreed to a dismissal of June Jeffries, Noreen Jackson, and Malinuh Jackson on April 8, 2014. Defendants, however, assert that they withdrew their consent after Plaintiffs filed their Motion for Joinder and Remand and additional motions to dismiss because it is evident that Plaintiffs are trying to divest this Court of its jurisdiction and refile this action in state court. (ECF No. 70 at 2, n.2). Finally, if the Court is nevertheless inclined to grant Plaintiffs' motions to dismiss, then Defendants request that the Court condition dismissal without prejudice on Plaintiffs' payment of Defendants' costs and fees in the event the action is refiled, and that such action be filed in federal court. (ECF No. 70 at 12-15).

## Discussion

Motions under Fed.R.Civ.P. 41(a)(2) to dismiss without prejudice are addressed to the sound discretion of the district court, Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986), which may attach "such terms and conditions" to the granting of a motion for voluntary dismissal as the Court "deems proper." See Rule 41(a)(2). "In exercising that discretion, a court

should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." Koener v. Johnson & Johnson, No. 4:06CV1420 HEA, 2007 WL 3026903, at *1 (E.D.Mo. Oct. 16, 2007) (quoting Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir.1999)). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir.1987).

Upon granting a voluntary dismissal, the Court has the authority to award costs and reasonable attorneys' fees to a defendant that were incurred in defending the action prior to the dismissal. Pruiett v. Doe, 4:12-CV-1813-SPM, 2013 WL 1342369, at *2 (E.D. Mo. Apr. 3, 2013) (citing Belle–Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n, 56 F.3d 977, 978–79 (8th Cir.1995)). Alternatively, the Court may grant the voluntary dismissal but order that, if the plaintiff chooses to re-file the action against the defendant at a later date, then the plaintiff must pay the defendant's fees and costs associated with the dismissed action. Pruiett, 2013 WL 1342369, at *2 (citing Core v. Sw. Bell Tele. Co., 847 F.2d 497, 498 (8th Cir.1988)); see also, Kirkman v. Witt, No. 4:12CV1704 CDP, 2013 WL 2898184, *2 (E.D.Mo. June 13, 2013).

Under the circumstances of this case, the Court finds dismissal without prejudice is appropriate. Here, the case was on file for less than a year when Plaintiffs sought voluntary dismissal and it does not appear to the Court that the parties have engaged in extensive discovery activities, other than some paper discovery. See ECF No. 45 (Defendants' Motion to Compel); ECF No. 68 (Motion to Enforce the Court's April 21, 2014 Order and Compel Property

Inspections). The Court does not believe that the case progressed to a point where Defendant would be legally prejudiced by a dismissal without prejudice pursuant to Rule 41(a)(2).

The Court nevertheless believes that a dismissal with conditions is warranted. The Court is cognizant of the significant time and efforts expended by Defendants to defend this action, as well as Plaintiffs' desire to prosecute this case in another forum. In this case, the Court acknowledges that an unconditional dismissal could prejudice Defendants, particularly because Plaintiffs have indicated in their Motion to Remand and other filings their desire to litigate this case in state court. If circumstances cause Plaintiff to re-file this or a similar action against Defendants, thereby imposing duplicative expenses on Defendants, then it is appropriate that conditions be imposed on the dismissal. If Plaintiffs refile this or a similar action, the Court orders that Plaintiffs must pay to Defendants all the costs of this action, including the reasonable attorneys' fees Defendants expended in defending it, to be determined at the time of the new filing. The Court finds this condition will adequately protect Defendants from the burden and expense of defending the same cause of action multiple times. Pruiett, 2013 WL 1342369, at *3. If Plaintiffs fail to comply fully and timely with this condition, the Court may dismiss the refiled action with prejudice for failure to comply with the orders of the Court. See Rule 41(b).

Because the action will be dismissed, all other pending motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Individual Plaintiff Elaine Gibson's Motion to Dismiss Without Prejudice [38], Individual Plaintiff Noble Griffin's Motion to Dismiss Without Prejudice [43], Individual Plaintiff Denise Watson's Motion to Dismiss Without Prejudice [48], Plaintiffs Noreen Jackson and Malinuh Jackson's Motion to Dismiss Without Prejudice [59], Plaintiff June Jeffries' Motion to Dismiss Without Prejudice [60], and Plaintiffs Alberta Clark,

Larney Shannon, Harold and Juanita Miller's Motion to Dismiss Without Prejudice [62] are **GRANTED** in part with the conditions set forth herein. That is, if Plaintiffs refile this or a similar action, they will be required to pay to Defendants all the costs of this action, including the reasonable attorneys' fees Defendants expended in defending it, to be determined at the time of the new filing.

**IT IS FURTHER ORDERED** the Court's prior orders of dismissal (ECF Nos. 40, 44, and 50) are **VACATED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend their Petition, for Joinder, and Remand to the County of St. Louis [56], Plaintiffs' Respect [sic] for Clarification [64], Defendants' Motion to Enforce the Court's April 21, 2014 Order and Compel Property Inspections and Memorandum in Support [68], Defendants' Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Amend their Petition, for Joinder, and Remand [69], and Plaintiffs' Motion for a Protective Order in View of Defendants' Request for Costs and Plaintiffs' Pending Motions and Motion for Stay [72] are **DENIED** as moot.

_/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of May, 2014.